IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VALERIE HODGES,** | ) | **CASE NO. 8:11CV262** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SHELLY BURGHARDT, GLENDA GREEN, and O.P.S.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed her Complaint in this matter on August 1, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint in this matter against her previous employer, Omaha Public Schools ("OPS"), and two of its employees. (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff sues Defendants under the Age Discrimination in Employment Act ("ADEA"). (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that she worked part-time for OPS for more than nine years. (*Id.*) In May 2010, Plaintiff's position changed to full-time, but Defendants failed to inform her of this fact, even though she had been trying to get her position transitioned to full-time. (*Id.*) Rather than hiring Plaintiff for the full-time position, they terminated her and hired a "much younger female" for Plaintiff's job in June, 2010. (*Id.*) Plaintiff alleges that she completed all training and educational requirements for the position. (*Id.* at CM/ECF p. 3.) Plaintiff filed a charge of discrimination with the Equal

Opportunity Employment Commission, which dismissed her charge. (*Id.* at CM/ECF p. 5.) Plaintiff seeks monetary relief and a full-time position at OPS or "early retirement." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's Complaint sets forth claims under the ADEA. The ADEA prohibits employers from discriminating against employees on the basis of age. 29

U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show she (1) was at least forty years old; (2) was terminated; (3) was meeting the employer's reasonable expectations at the time of the termination; and (4) was replaced by someone substantially younger. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 807 (8th Cir. 2003); see also *Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005). In addition, a plaintiff must show "intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). A plaintiff can prove intentional discrimination by either presenting direct evidence of discrimination based on age or by presenting circumstantial evidence. *Id.* at 1332 (citations omitted).

    Plaintiff does not allege that she is at least 40 years old. (Filing No. 1.) Further, although she alleges that she met the qualifications of the position and that Defendants hired a "much younger female" for the position, she does not allege that age was the primary motivating factor in her termination. (*Id.*) As such, Plaintiff's allegations are insufficient to nudge her ADEA claims across the line from conceivable to plausible. However, on its own motion, the court will permit Plaintiff 30 days in which to amend her Complaint to sufficiently allege a claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 31, 2011**, to amend her Complaint and clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 31, 2011**, and dismiss if none filed;

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice; and

5. Plaintiff's Motion to be Exempt From PACER Fees (Filing No. 6) is denied without prejudice to reassertion pending amendment of the Complaint.

DATED this 29th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.